UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LARRY DONNELL BOBBITT, JR., <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | CAUSE NO.: 3:19-CV-691-RLM-MGG |

## OPINION AND ORDER

Larry Donnell Bobbitt, Jr., a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary proceeding at Indiana State Prison (ISP 17-09-0110), in which a hearing officer found him guilty of attempted trafficking in violation of Indiana Department of Correction disciplinary offenses A-111 and A-113. Among other sanctions, he lost 90 days of earned-timed credits and received a credit-class demotion.

The charges were initiated when Investigator Bill Lessner wrote a conduct report stating as follows:

> Information was provided to [IDOC's Office of Investigations and Intelligence] that contraband was in a commissary box that was to be delivered to ISO. On 8/24/17, at approximately 7:38am, contraband was found in a cracker box that was located in a taped closed commissary box. The commissary box had the name of Larry Bobbitt, his DOC# and location.

(ECF 6-1.) A report of investigation was also prepared, describing the contraband found in Mr. Bobbitt's commissary box: two packages of tobacco, four bottles of

alcohol, and a package of K-2.[1] Photos were taken of these items. A confidential investigation report was prepared and submitted. On September 11, 2017, Mr. Bobbitt was formally notified of the charge. He pleaded not guilty and a lay advocate was appointed for him at his request. He didn't ask for any witnesses, but requested camera evidence "showing I didn't traffic[]." (ECF 6-5.) The incident wasn't viewable on camera, but a statement was obtained from Torrie Dillon, an investigator who was present when the contraband was found. She stated: "I witnessed Investigator Dustin open the box belonging to offender Bobbitt, searching through the box and finding the contraband that was inside." (ECF 6-8.)

A hearing was held on the charges. Mr. Bobbitt stated as follows in his defense:

> They brought me from ISO and asked me if I knew anything about things in my commissary. I told them I knew nothing about it. I never even ordered crackers. Commissary is brought from all over the state. I didn't know anything about it. If I did I would have told them. I don't get in any trouble whatsoever.

(ECF 6-7.) Based on the conduct report, the photos of the evidence, and the confidential investigation report, the hearing officer found Mr. Bobbitt guilty of attempted trafficking. His administrative appeals were denied.

When prisoners lose earned time credits in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) at least 24 hours advance written notice of the charge; (2) an

---

[1] K-2 is a synthetic marijuana. See Blakey v. Superintendent, No. 4:17-CV-51 RL-APR, 2017 WL 6444415, at *2 (N.D. Ind. Dec. 18, 2017).

opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985).

Mr. Bobbitt's petition contains two claims. First, he claims that he "never conspired nor attempted to traffic the alleged contraband that I was written up for." He argues that he never ordered any crackers, so the box was clearly not meant for him. Next, he claims that he requested a copy of his commissary records to show he never ordered any crackers, but it was "withheld" from him. The court understands Mr. Bobbitt to be challenging the sufficiency of the evidence supporting his guilt and the denial of his right to present evidence in his defense.

There only needs to be "some evidence" to support a hearing officer's decision. Supt. v. Hill, 472 U.S. at 455.

> This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. . . . It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000). Mr. Bobbitt was found guilty of violating A-111 and A-113. Under the Disciplinary Code in effect at the time of this offense, Offense A-111 prohibited "[a]ttempting or conspiring or

3

aiding and abetting with another to commit any Class A offense." (ECF 6-12.) Offense A-113, trafficking, was defined as "[e]ngaging in trafficking" as defined by the Indiana Code "with anyone who is not an offender residing in the same facility."(*Id.*) The Indiana Code, in pertinent part, provides:

> A person who, without the prior authorization of the person in charge of a penal facility or juvenile facility, knowingly or intentionally:
> > (1) delivers, or carries into the penal facility or juvenile facility with intent to deliver, an article to an inmate or child of the facility;
> > (2) carries, or receives with intent to carry out of the penal facility or juvenile facility, an article from an inmate or child of the facility; or
> > (3) delivers, or carries to a worksite with the intent to deliver, alcoholic beverages to an inmate or child of a jail work crew or community work crew;
> commits trafficking with an inmate, a Class A misdemeanor. However, the offense is a Level 5 felony under subdivision (1) or (2) if the article is a controlled substance, a deadly weapon, or a cellular telephone or other wireless or cellular communications device.

IND. CODE § 35-44.1-3-5(b).

The confidential investigation report, the conduct report, the photographs, and Ms. Dillon's witness statement provide sufficient evidence that Mr. Bobbitt attempted to traffic when a commissary box was sent to him containing alcohol, tobacco, and K-2. Mr. Bobbitt claims that he didn't order any crackers, apparently in reference to the cracker box in which the contraband was found, and submits his commissary records in support. In his view, this proves that the commissary box wasn't meant for him. This argument is unconvincing. Prison officials didn't have to prove that Mr. Bobbitt ordered crackers to find him guilty of trafficking, and it appears that someone simply used the empty cracker box as a place to hide the contraband. The commissary order form Mr. Bobbitt

4

submits with his petition shows that he ordered several other items that were found in the commissary box, including braided ponytail holders, Colgate toothpaste, cotton swabs, and dental floss picks. Far from exonerating him, Mr. Bobbitt's commissary records lend further support for the conclusion that the commissary box containing the contraband was intended for him. Mr. Bobbitt protests that he is innocent, but this court can't reweigh the evidence to make its own determination of guilt or innocence. Webb v. Simpson, 224 F.3d at 652. The hearing officer was entitled to credit the conduct report, the confidential investigation report, and the other evidence of his guilt. The evidence was constitutionally sufficient.

Mr. Bobbitt's remaining claim is that he was denied the right to present evidence in his defense. The record reflects that at the time of screening, he only asked for video evidence showing that he did not traffic. There was no video evidence available, so the hearing officer can't be faulted for failing to consider such evidence. *See* Wolff v. McDonnell, 418 U.S. at 556. He claims in his petition and traverse that he also requested his commissary records, but there is no record of such a request. The prison can't be faulted for failing to produce or consider evidence Mr. Bobbitt did not properly request. Sweeney v. Parke, 113 F.3d 716, 720 n.5 (7th Cir. 1997); Miller v. Duckworth, 963 F.2d 1002, 1005 n.2 (7th Cir. 1992). Even if Mr. Bobbitt had properly requested this evidence, he only had a right to evidence that was exculpatory. Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the

prisoner's] guilt." Meeks v. McBride, 81 F.3d 717, 720 (7th Cir. 1996). Mr. Bobbitt wanted the commissary records to prove that he didn't order any crackers, but as already explained, that evidence wasn't exculpatory. Moreover, the hearing officer considered Mr. Bobbitt's statement that he didn't order any crackers, but credited the evidence pointing to his guilt. The court finds no due process error.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment in this case.

SO ORDERED on August 12, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT